# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEFINA DOE; ISABELA DOE; COMMOR JEROME WELCH; FELIPE NIOMAR MARTINEZ ORTIZ; and JOSE DOE; on behalf of themselves and all others similarly situated, and THE AMERICAN FRIENDS SERVICE COMMITTEE, IMMIGRANT RIGHTS PROGRAM, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; <br><br> **(CONTINUED ON NEXT PAGE)** | Civil Action No.  2:24-cv-9105 <br><br> **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS JOSEFINA DOE, ISABELA DOE, AND JOSE DOE'S MOTION TO PROCEED UNDER PSEUDONYM** <br><br> ORAL ARGUMENT REQUESTED, IF OPPOSED |

Gavin J. Rooney, Esq.
Alexander Shalom, Esq.
Natalie J. Kraner, Esq.
Naomi D. Barrowclough, Esq.
Anish Patel, Esq.*
Ruth Zimmerman, Esq.
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500

Shira Wisotsky, Esq.
Raquiba Huq, Esq.
Zoe Burke, Esq.
Emily Thornton, Esq.*
**LEGAL SERVICES OF NEW JERSEY**
100 Metroplex Drive, Suite 402
Edison, New Jersey 08817
(908) 882-2665

Tiffany J. Lieu, Esq.*
Philip L. Torrey, Esq.*
**CRIMMIGRATION CLINIC HARVARD IMMIGRATION & REFUGEE CLINICAL PROGRAM**
6 Everett Street, Suite 3106
Cambridge, Massachusetts 02138
(617) 496-5497

*Pro Bono Counsel for Plaintiffs*
**pro hac vice* motion forthcoming*

ALEJANDRO MAYORKAS,
Secretary of the Department of
Homeland Security, in his official
capacity;

PATRICK J. LECHLEITNER,
Acting Director of Immigration and
Customs Enforcement ("ICE"), in
his official capacity;

DANIEL A. BIBLE,
Executive Associate Director of ICE's
Enforcement and Removal Operations,
in his official capacity;

CAMMILLA WAMSLEY,
Field Office Director for the ICE
Philadelphia Field Office, in her
official capacity;

FRANCIS KEMP,
Assistant Field Office Director for the
ICE Philadelphia Field Office, in his
official capacity,

        Defendants.

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................... iii

PRELIMINARY STATEMENT ................................................................1

ARGUMENT ........................................................................................4

I.     COURTS REGULARLY ALLOW PLAINTIFFS TO PROCEED
       PSEUDONYMOUSLY. ..................................................................4

II.    THE COURT SHOULD PERMIT THE DOE PLAINTIFFS TO
       PROCEED PSEUDONYMOUSLY .................................................5

       A.    Legal Standard...................................................................5

       B.    The Doe Plaintiffs Have a Reasonable Fear of Severe Harm. ..............7

             1.    Josefina Doe Has a Reasonable Fear That Disclosure of
                   Her Identity Would Subject Her and Her Family to Severe
                   Harm.............................................................................7

             2.    Isabela Doe Has a Reasonable Fear That Disclosure of Her
                   Identity Would Subject Her and Her Family to Severe
                   Harm...........................................................................11

             3.    Jose Doe Has a Reasonable Fear That Disclosure of His
                   Identity Would Subject Him and His Family to Severe
                   Harm...........................................................................12

       C.    Balancing of the Megless Factors Strongly Favors the Doe
             Plaintiffs' Anonymity.........................................................13

             1.    Factors One and Two: The Doe Plaintiffs' Identities Have
                   Remained Confidential, and There is a Substantial Basis
                   to Their Fear of Retaliation.............................................13

             2.    Factors Three and Four: There is a Strong Public Interest
                   in Anonymity and a Weak Public Interest in Disclosure..........14

3.      Factors Five and Six: The Doe Plaintiffs Have No Ulterior Motive for Requesting to Remain Anonymous and, if the Court Denies Their Requests, They Would Suffer an Adverse Outcome...................................................17

4.      Factors Seven, Eight, and Nine Do Not Outweigh the Factors Favoring Anonymity. ...................................................18

CONCLUSION ......................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*A.B. v. U.S. Dep't of Just.*,
  No. 19-cv-598, 2019 WL 13111106 (D.D.C. Mar. 7, 2019)................................9

*C.M. v. United States.*,
  No. SA-21-CV-00234-JKP, 2021 WL 1822305 (W.D. Tex. Mar. 31, 2021)....12

*Doe v. Ayers*,
  789 F.3d 944 (9th Cir. 2015) ............................................................16

*Doe v. Bostock*,
  No. C24-0326-JLR-SKV, 2024 WL 1156312 (W.D. Wash. Mar. 18,
  2024) ..................................................................................5, 10, 12

*Doe v. Hartford Life & Acc. Ins. Co.*,
  237 F.R.D. 545 (D.N.J. 2006)........................................................6, 18

*Doe v. C.A.R.S. Prot. Plus, Inc.*,
  527 F.3d 358 (3d Cir. 2008) ...............................................................4

*Doe v. Lund Fisheries, Inc.*,
  No. 20-11306, 2020 WL 6749972 (D.N.J. Nov. 17, 2020)................................9

*Doe v. Megless*,
  654 F.3d 404 (3d Cir. 2011) ......................................................passim

*Doe v. Middlesex County*,
  No. 20-8625, 2021 WL 130480 (D.N.J. Jan. 15, 2021) .............................18, 19

*Doe v. N.J. State Prison*,
  No. CV 24-8290 (ZNQ), 2024 WL 3738538 (D.N.J. Aug. 9, 2024) .............4, 10

*Doe v. Oshrin*,
  299 F.R.D. 100 (D.N.J. 2014)...............................................4, 15, 18

*Doe v. Provident Life & Accident Ins. Co.*,
  176 F.R.D. 464 (E.D. Pa. 1997)...............................................5, 6, 15

*Doe v. Rider Univ.*,
No. 16-4882, 2018 WL 3756950 (D.N.J. Aug. 7, 2018) .....................................13

*Doe v. Rutgers*,
No. 2:18-cv-12952-KM-CLW, 2019 WL 1967021 (D.N.J. Apr. 30, 2019) 13, 16

*Doe v. Steele*,
No. 20-CV-1818-MMA (MSB), 2020 WL 6712214 (S.D. Cal. Nov. 16, 2020) ........................................................................................................10

*Doe v. Triangle Doughnuts, LLC*,
No. 19-5275, 2020 WL 3425150 (E.D. Pa. June 23, 2020) ...............................16

*Doe v. Trishul Consultancy, LLC*,
No. 18-16468, 2019 WL 4750078 (D.N.J. Sept. 30, 2019).................................15

*Doe v. U.S. Dep't of Homeland Sec.*,
No. 2:21-cv-1274 RSM, 2021 WL 6138844 (W.D. Wash. Nov. 18, 2021).........9

*Does I thru XXIII v. Adv. Textile Corp.*,
214 F.3d 1058 (9th Cir. 2000) ............................................................................9

*E.F.L. v. Prim*,
986 F.3d 959 (7th Cir. 2021) ............................................................4, 10, 12, 16

*EW v. N.Y. Blood Ctr.*,
213 F.R.D. 108 (E.D.N.Y. 2003).......................................................................16

*L.A. v. Hoffman*,
No. 14-6895 (FLW) (DEA), 2015 WL 4461852 (D.N.J. July 21, 2015)...........14

*M.A. v. Mayorkas*,
No. 23-1843 (JEB), 2023 WL 5321924 (D.D.C. July 6, 2023).....................9, 12

*O.A. v. Trump*,
No. 1:18-cv-02718, 2018 WL 11249801 (D.D.C. Nov. 20, 2018) ....................12

*R.F.M. v. Nielson*,
No. 18-5068, 2019 WL 1219425 (S.D.N.Y. Mar. 15, 2019) .............................16

**RULES**

Federal Rule of Civil Procedure 5.2(c) ....................................................................13

Federal Rule of Civil Procedure 10(a) ........................................................................4

**REGULATIONS**

8 C.F.R. § 208.6(b) .................................................................................................13

8 C.F.R. § 1208.6(b) ...............................................................................................13

## **PRELIMINARY STATEMENT**

Plaintiffs Josefina Doe, Isabela Doe, and Jose Doe (the "Doe Plaintiffs") bring this action on behalf of themselves and a proposed class of noncitizens who, like themselves, are detained by Defendants at the Moshannon Valley Processing Center in Philipsburg, Pennsylvania ("Moshannon"), have unresolved criminal matters pending in the state or municipal courts of New Jersey, and have been denied virtual access to those New Jersey court proceedings due to Defendants' unconstitutional, unlawful, and arbitrary and capricious policy and practice (the "Refusal Policy and Practice"). The Doe Plaintiffs respectfully submit this Memorandum of Law in support of their Motion to Proceed Under Pseudonym in this litigation to protect their own and their families' safety and privacy.

Josefina Doe fled persecution from a former partner in her home country, the Dominican Republic, and is seeking asylum because this individual, the father of her three children, has political connections in the Dominican Republic. Josefina has also suffered verbal and physical abuse by her former partner in the United States. Her former partner has also threatened her three children. Josefina was arrested after the police were called to their home following a domestic dispute. Josefina was unable to explain the circumstances to the police due to a language barrier and was subsequently arrested and eventually detained at Moshannon. Josefina's U.S. partner has targeted her before when he believed that she disclosed his abuse, and she fears

his reprisals against her and her children if he knows that she is disclosing his abuse now.

Isabela Doe also faces persecution from two former partners. A native of Venezuela, she fled to the United States seeking asylum after a former partner threatened to physically harm her while pregnant. Like Josefina, she then suffered abuse at the hands of a partner living in the United States. Because she is detained, her youngest child is now in the care of her former partner living in the United States, an abuser and drug addict. He has threatened to take Isabela's children away if she speaks out against him. Like Josefina, Isabela was arrested after the police responded to a domestic violence call. Isabela too could not explain her side of the story due to a language barrier and was transferred by Defendants to Moshannon following an arrest.

Jose Doe came to the United States from El Salvador at age fifteen because a gang was threatening him and his family. The gang had killed members of his family. He is seeking protection under the Convention Against Torture ("CAT") based on his fear of the gang and El Salvador's government. He fears reprisals from the gang if they become aware that he is speaking out about the circumstances under which he came to this country, and if they know where he is currently located.

Both Josefina and Isabela fear retaliation from an abusive former partner who orchestrated the arrests that led to their detention at Moshannon. Disclosing their

identities could expose them to retaliatory physical and/or emotional harm, as well as threaten the safety of their children. They also have a reasonable fear of severe harm from former partners in their home countries, as they fled domestic violence there and are seeking asylum in the United States. Allowing them to proceed pseudonymously in this case will safeguard identifying information about them and their families, including their whereabouts, that would place them at risk of severe harm by their persecutors if it were publicly revealed.

Jose fled violent gang members and his home country's government. He has already lost members of his family to gang violence. Allowing him to proceed pseudonymously will protect his identity from those in his home country who wish to harm him and his family (and have already done so).

Conversely, neither the public nor Defendants would be prejudiced if the Court permitted the Doe Plaintiffs to proceed under pseudonyms. The public has a strong interest in the legal and policy issues arising from this litigation, but not in the Doe Plaintiffs' identities, which are irrelevant to those issues. Instead, the public interest lies in protecting the identities of noncitizens like the Doe Plaintiffs, who are being denied a fundamental constitutional right of access to the courts. The Government will have access to the Doe Plaintiffs' identities and personal information upon the Court's issuance of a protective order.

For these and the following reasons, the Court should grant the Doe Plaintiffs'

motion.

## ARGUMENT

### I.    COURTS REGULARLY ALLOW PLAINTIFFS TO PROCEED PSEUDONYMOUSLY.

Although Federal Rule of Civil Procedure 10(a) "generally 'requires parties

to a lawsuit to expressly identify themselves in their respective pleadings,'" *Doe v.*

*Oshrin*, 299 F.R.D. 100, 102 (D.N.J. 2014) (quoting *Doe v. Megless*, 654 F.3d 404,

408 (3d Cir. 2011)), district courts have broad discretion to permit a litigant to

proceed under pseudonym when the circumstances warrant anonymity. *Megless*, 654

F.3d at 408-09; *see also Oshrin*, 299 F.R.D. at 102. The Supreme Court has given

"implicit recognition" to "the use of pseudonyms to conceal a plaintiff's identity"

even though the practice has "no explicit sanction in the federal rules." *Doe v.*

*C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008).

Courts have routinely allowed individuals detained by the government to

proceed anonymously. *See, e.g.*, *Doe v. N.J. State Prison*, No. CV 24-8290 (ZNQ),

2024 WL 3738538, at *2 (D.N.J. Aug. 9, 2024) (granting motion to proceed under

pseudonym brought by prisoner-turned-informant suing prison facility for its failure

to protect him from other prisoners who assaulted him for his cooperation); *E.F.L.*

*v. Prim*, 986 F.3d 959, 961 n.1 (7th Cir. 2021) (noting that the plaintiffs' "motion

to use a pseudonym" was granted "[b]ecause of her allegations of domestic abuse and

her fear of retaliation" in a case where plaintiff sought habeas relief from DHS custody and removal); *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 1156312, at *2 (W.D. Wash. Mar. 18, 2024) (granting immigration detainee's petition to proceed anonymously where detainee had suffered abuse both "inside and outside of prison and detention").

## II.    THE COURT SHOULD PERMIT THE DOE PLAINTIFFS TO PROCEED PSEUDONYMOUSLY.

### A.    Legal Standard

A plaintiff seeking to proceed anonymously must "show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Megless*, 654 F.3d at 408 (internal quotation marks and citation omitted). If the plaintiff "sufficiently alleges that he or she has a reasonable fear of severe harm from litigating without a pseudonym," the district court must balance the plaintiff's "interest and fear against the public's strong interest in an open litigation process." *Id.* In *Megless*, the Third Circuit adopted a non-exhaustive list of nine factors to guide district courts in striking this balance. *Id.* at 409 (endorsing the "test for the use of pseudonyms set forth in *Doe v. Provident Life & Accident Insurance Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)"). Six factors weigh in favor of anonymity:

(1)    the extent to which the identity of the litigant has been kept confidential;

(2)    the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;

(3)    the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;

(4)    whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;

(5)    the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and

(6)    whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409 (quoting *Provident Life*, 176 F.R.D. at 467-68). Three factors disfavor anonymity:

(1)    the universal level of public interest in access to the identities of litigants;

(2)    whether, because of the subject matter of the litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and

(3)    whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (internal quotation marks and citation omitted) (quoting *Provident Life*, 176 F.R.D. at 467-68); *accord Doe v. Hartford Life & Acc. Ins. Co*., 237 F.R.D. 545, 549 (D.N.J. 2006) (applying the *Megless* factors). District courts must also consider any

other factors they find to be relevant based on the facts of each case. *Megless*, 654 F.3d at 409.

As explained in detail below, the Doe Plaintiffs have met their burden to proceed under a pseudonym. Public disclosure of each of the Doe Plaintiffs' identities would place them and their children at risk of severe harm, as their persecutors (and those persecutors' affiliates) have indicated that they are likely to seek retribution against the Doe Plaintiffs or their children for speaking out against them. Such risk of harm outweighs the public's interest in open judicial proceedings.

**B.    The Doe Plaintiffs Have a Reasonable Fear of Severe Harm.**

**1.    Josefina Doe Has a Reasonable Fear That Disclosure of Her Identity Would Subject Her and Her Family to Severe Harm.**

Josefina Doe came to the United States from the Dominican Republic in 2022, seeking asylum after fleeing domestic abuse from a former partner and father of her three children. (Decl. of Josefina Doe ("Josefina Decl."), ¶¶ 4-5). Her fear of him was exacerbated by his political connections in the Dominican Republic. (*Id.*) She has been detained at Moshannon since May 7, 2024. (*Id.* ¶ 1). Since leaving the Dominican Republic, Josefina has been afraid that the father of her children might locate her and consequently threaten or harm her or her daughters who are university students in the Dominican Republic. (*Id.* ¶¶ 5, 32).

After entering the United States, Josefina lived with another partner and his family. (*Id.* ¶¶ 6-7). Prior to her detention at Moshannon, Josefina was physically,

verbally, and emotionally abused by that former partner. (*Id.* ¶¶ 2, 7-10). On one occasion, her abuser hurt Josefina, prompting Josefina to visit the doctor. (*Id.* ¶ 2). Her medical visit angered her abuser, who was concerned over what Josefina might have said to the medical staff. (*Id.*) As a result, Josefina's abuser prohibited her from leaving the home for two months and threatened both Josefina and Josefina's children. (*Id.*)

On another occasion, after seeing Josefina speak to a relative on the phone, her abuser accused her of infidelity and verbally and physically abused her, causing a knee injury that still causes Josefina pain. (*Id.* ¶ 10). Josefina's partner is often controlling and sought to limit those with whom Josefina could communicate. (*Id.* ¶ 8). Accordingly, Josefina has a reasonable fear that her abuser may retaliate against her or her children for speaking out against his abuse. (*Id.* ¶ 2).

Josefina's abuser's family falsely accused her of a crime, leading to her arrest, pretrial detention, and, ultimately, her detention at Moshannon. (*Id.* ¶¶ 1, 6, 11-20).[1] She seeks the ability to virtually appear for her criminal court proceedings in a New Jersey municipal court (which only allows virtual appearances) to defend herself with respect to the unfounded charges against her. (*Id.* ¶¶ 30-33, 40-41).

---

[1] Josefina does not admit or deny any allegations made against her and reserves the right to remain silent, as well as her right against self-incrimination under both state and federal law. (Josefina Decl. ¶ 11 n.1).

Given Josefina's abuser's history of violence and threats, and behavior in response to concerns that she was revealing information about his abuse, public disclosure of Josefina's identity would create a risk of serious harm to her and her children in the Dominican Republic. Federal district and circuit courts have recognized that individuals like Josefina who seek asylum or withholding of removal are particularly vulnerable to harm when their identities and sensitive information are disclosed in public litigation. *See, e.g.*, *M.A. v. Mayorkas*, No. 23-1843 (JEB), 2023 WL 5321924, at *2 (D.D.C. July 6, 2023) (allowing plaintiffs who faced the "risk[] . . . that former abusers discover their whereabouts and actions" to proceed under a pseudonym); *accord Doe v. U.S. Dep't of Homeland Sec.*, No. 2:21-cv-1274 RSM, 2021 WL 6138844, at *2 (W.D. Wash. Nov. 18, 2021) (allowing plaintiff to proceed under a pseudonym where her abuser in her home country could access and/or harm her children still living in her home country); *A.B. v. U.S. Dep't of Just.*, No. 19-cv-598, 2019 WL 13111106, at *3 (D.D.C. Mar. 7, 2019) (allowing a plaintiff-asylum seeker to proceed under a pseudonym where her husband had a history of violence against her and her children).

In addition, courts have consistently allowed plaintiffs to proceed pseudonymously when they have well-founded fears of retaliation and do "not require[] [plaintiffs] to prove that the defendants intend to carry out the threatened retaliation." *Does I thru XXIII v. Adv. Textile Corp.*, 214 F.3d 1058, 1071 (9th Cir.

2000); *see also, e.g.*, *E.F.L.*, 986 F.3d at 961 n.1 (noting that the plaintiffs' "motion to use a pseudonym" was granted "[b]ecause of her allegations of domestic abuse and her fear of retaliation" in a case where plaintiff sought habeas relief from DHS custody and removal); *N.J. State Prison*, 2024 WL 3738538, at *2; *Doe v. Steele*, No. 20-CV-1818-MMA (MSB), 2020 WL 6712214, at *3 (S.D. Cal. Nov. 16, 2020) (allowing a victim of human trafficking to proceed under a pseudonym to protect her from retaliation from the individual who "threatened [the] [p]laintiff and her family and physically abused [p]laintiff"). Courts have recognized the importance of permitting plaintiffs to proceed under a pseudonym when they are detained. *See, e.g.*, *Bostock*, 2024 WL 1156312, at *2 (granting immigration detainee's petition to proceed anonymously because "individuals against whom she raises allegations of sexual abuse and assault pose a danger to her safety and well-being" and "both the [p]etitioner's status as an incarcerated individual, with limited access to outside resources and dependence on [detention center] staff, and her alleged mental and physical health concerns enhance her vulnerability to retaliation"). Proceeding under pseudonym is particularly important where, as here, the Doe Plaintiffs are detained by Defendants, the very entities that are defendants in this action, making the Plaintiffs vulnerable to additional retaliation.

### 2. Isabela Doe Has a Reasonable Fear That Disclosure of Her Identity Would Subject Her and Her Family to Severe Harm.

Isabela Doe came to the United States from Venezuela in September 2021, seeking asylum. (Decl. of Isabela Doe ("Isabela Decl.") ¶ 3). She fled a partner in Venezuela who had threatened to physically harm her while pregnant. (*Id.*) She initially fled to Colombia, but her abuser in Venezuela found her there, prompting her to flee to United States. (*Id.*)

In December 2021, she met another partner and had a child with him in New Jersey. (*Id.* ¶ 4). Her partner began to abuse her physically and threatened to take away Isabela's children or alert the immigration authorities to her presence. (*Id.* ¶ 4-5). Isabela also learned that her abusive partner was addicted to crack cocaine. (*Id.* ¶ 4).

On occasion, local police would respond to Isabela's home. (*Id.* ¶ 7). Isabela, however, has limited English proficiency, and could not communicate her suffering to the police officers. (*Id.*) One such incident led to Isabela's arrest for alleged domestic violence and subsequent detention at Moshannon. (*Id.* ¶¶ 8-10).[2]

Isabela fears for her children, one of whom is currently in the care of her abuser. (*Id.* ¶¶ 20-21). She seeks bond to leave detention and remove her child from

---

[2] Isabela does not admit or deny any allegations made against her. She reserves the right to remain silent, as well as her right against self-incrimination under both state and federal law. (Isabela Decl. ¶ 8 n.1).

her abuser's care. (*Id.*) She believes that her abuser will harm her child should he learn that Isabela wishes to speak out against him. (*Id.* ¶¶ 18, 20-21). Like Josefina, Isabela has a well-founded fear of retaliation from both her abuser abroad and her abuser in the United States, justifying her request to proceed pseudonymously. *See E.F.L.*, 986 F.3d at 961 n.1; *Bostock*, 2024 WL 1156312, at *2; *Mayorkas*, 2023 WL 5321924, at *2.

### 3. Jose Doe Has a Reasonable Fear That Disclosure of His Identity Would Subject Him and His Family to Severe Harm.

Jose Doe fled El Salvador as a teenager due to gang violence and threats to himself and his family, seeking protection under the Convention Against Torture in the United States. (Declaration of Jose Doe ("Jose Decl.") ¶ 3). Several of his family members were killed by gang members. (*Id.*) He also fears he will be sent to prison and tortured by the El Salvadoran government if he is forced to return there. *Id.* Because Jose suffered persecution at the hands of foreign actors who continue to pose a risk of harm, he should be allowed to proceed pseudonymously. *See O.A. v. Trump*, No. 1:18-cv-02718, 2018 WL 11249801, at *2 (D.D.C. Nov. 20, 2018) (allowing plaintiff-asylum seekers to proceed pseudonymously where they "fled their home country because a gang threatened to kill them") (citation and internal quotation marks omitted); *C.M. v. United States.*, No. SA-21-CV-00234-JKP, 2021 WL 1822305, at *2 (W.D. Tex. Mar. 31, 2021) (allowing a plaintiff who faced

"retaliation by criminal gangs" in his home country to proceed pseudonymously, even after plaintiff was already deported).

### C. Balancing of the *Megless* Factors Strongly Favors the Doe Plaintiffs' Anonymity.

#### 1. Factors One and Two: The Doe Plaintiffs' Identities Have Remained Confidential, and There is a Substantial Basis to Their Fear of Retaliation.

The first *Megless* factor requires consideration of whether a party moving to proceed pseudonymously has "'ma[d]e substantial efforts to maintain anonymity' and 'limi[t] disclosure of sensitive information to few other people.'" *Doe v. Rutgers*, No. 2:18-cv-12952-KM-CLW, 2019 WL 1967021, at *2 (D.N.J. Apr. 30, 2019) (quoting *Doe v. Rider Univ.*, No. 16-4882, 2018 WL 3756950, at *3 (D.N.J. Aug. 7, 2018)). Under the second factor, district courts consider "the bases upon which" plaintiffs fear disclosure of their identity and the "substantiality of these bases"—such as "what harm . . . the litigant is seeking to avoid" and whether "the litigant's fear is reasonable." *Megless*, 654 F.3d at 408, 410.

With respect to the first factor, the Doe Plaintiffs' identity, location, and the facts underlying their applications for asylum and CAT have remained confidential as required by federal law. *See, e.g.*, 8 C.F.R. §§ 208.6(b), 1208.6(b), and the Federal Rules of Civil Procedure, Fed. R. Civ. P. 5.2(c) & cmt. c (providing that immigration cases "are entitled to special treatment due to the prevalence of sensitive information and the volume of filings"). Moreover, the Doe Plaintiffs' service as named plaintiffs

-13-

in this action has remained confidential and has not been disclosed to their abusers. The Doe Plaintiffs' only conversations regarding this lawsuit have been with their attorneys. The larger public does not know the Doe Plaintiffs' identity, immigration status, bases for asylum or CAT, or their intent to challenge the Refusal Policy and Practice as unconstitutional.

Moreover, each Doe Plaintiff acted promptly to maintain their anonymity here by filing this request to proceed under pseudonym on the same day as the Complaint. *See L.A. v. Hoffman*, No. 14-6895 (FLW) (DEA), 2015 WL 4461852, at *2 (D.N.J. July 21, 2015) (granting plaintiffs' request to proceed anonymously in part because plaintiffs acted promptly by filing request to proceed anonymously the same day as filing their complaint).

With respect to the second *Megless* factor, as explained earlier, each Doe Plaintiff has a reasonable fear that disclosure of his or her identity would place them and their family members at risk of severe harm at the hands of abusive domestic partners or foreign actors.

### 2.   Factors Three and Four: There is a Strong Public Interest in Anonymity and a Weak Public Interest in Disclosure.

The third *Megless* factor requires district courts to consider "the magnitude of the public interest in maintaining confidentiality of the litigant's identity" so that other litigants would not be deterred "from litigating claims that the public would like to have litigated." 654 F.3d at 409, 410. In a similar vein, the fourth factor

concerns whether "there is an atypically weak public interest in knowing the litigant's identit[y]." *Id.* at 409. Courts have found a weak public interest in cases where "primarily legal issues" and the extent to which the "[p]laintiff suffered specific damages" are central. *Oshrin*, 299 F.R.D. at 104. Courts have also recognized a weak public interest when the litigant "is a private citizen," rather than "a public official for whom the public possesses a heightened interest," *id.*, and where "use of a pseudonym will not interfere with the public's right or ability to follow the proceedings." *Doe v. Trishul Consultancy, LLC*, No. 18-16468, 2019 WL 4750078, at *5 (D.N.J. Sept. 30, 2019) (quoting *Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 468).

Here, the public interest militates in favor of protecting the Doe Plaintiffs' identities from disclosure. The core legal and policy issue raised in this lawsuit, which concerns the constitutional right of access to the courts, is a matter of public concern. Without identity protection, others who wish to speak out against unconstitutional policies and conduct will be discouraged from doing so due to fear that their abusers will learn of their whereabouts or plans to defend themselves in criminal court. In cases involving similarly vulnerable plaintiffs, courts have found a "strong public interest in maintaining the confidentiality of" the plaintiffs' identities so that they are incentivized "to litigate their claims without threat of revictimization." *Trishul Consultancy, LLC*, 2019 WL 4750078, at *5 (sexual assault

victims); *see also E.F.L.*, 986 F.3d at 961 n.1 (immigration detainees); *Rutgers*, 2019 WL 1967021, at *3 (mental-illness sufferers); *Doe v. Triangle Doughnuts, LLC*, No. 19-5275, 2020 WL 3425150, at *6 (E.D. Pa. June 23, 2020) (transgender employees); *Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015) (prisoners). The public will likewise benefit if this Court allows the Doe Plaintiffs to proceed pseudonymously, giving them a fair chance to hold Defendants accountable for the harms imposed on the Class by their unlawful Refusal Policy and Practice.

The Doe Plaintiffs' identities, by contrast, are not matters of public concern. Each Doe Plaintiff is a private individual. The disclosure of their names will not aid the public's understanding of the issues raised in this case. Further, shielding their identities will not prevent the public from following future proceedings in this matter. For these reasons, courts have recognized that "[w]here a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong." *R.F.M. v. Nielson*, No. 18-5068, 2019 WL 1219425, at *13 (S.D.N.Y. Mar. 15, 2019) (quoting *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003)).

Requiring the Doe Plaintiffs to disclose their identities under these circumstances would discourage other potential litigants from challenging government policies that violate the law and cause significant harm. In contrast,

allowing them to proceed anonymously ensures that their claims can be fairly and safely heard.

        **3.**      **Factors Five and Six: The Doe Plaintiffs Have No Ulterior Motive for Requesting to Remain Anonymous and, if the Court Denies Their Requests, They Would Suffer an Adverse Outcome.**

Under the fifth *Megless* factor, courts consider whether the claim will be "resolved on its merits if the litigant is denied the opportunity to proceed using a pseudonym" or whether the litigant will "potentially sacrifice a potentially valid claim simply to preserve their anonymity." 654 F.3d at 410. The sixth factor asks whether the litigant has any ulterior motives in requesting to proceed under a pseudonym. *Id.* at 409.

The Doe Plaintiffs do not wish to put their lives and safety and that of their families in further jeopardy if required to pursue their legitimate constitutional and administrative claims against Defendants under their real names. They are thus likely to forego their right to pursue this litigation if they are required to disclose their identities. (Josefina Decl. ¶ 2; Isabela Decl. ¶¶ 20-21). Such a result is certainly not in the public interest. *See Megless*, 654 F.3d at 410 ("[T]he public is harmed when alleged abuses of power by public officials go unchallenged because plaintiffs fear litigating publicly.").

The Doe Plaintiffs have no ulterior motives in seeking to proceed anonymously. They are not trying to hide their identity from Defendants, who will

learn their identities upon the issuance of a protective order and already have their personal information. Their principal reasons for using pseudonyms are to avoid the serious risk of further persecution and to protect themselves and their families from re-victimization and retaliation from bad actors with a history of violence.

### 4. Factors Seven, Eight, and Nine Do Not Outweigh the Factors Favoring Anonymity.

The remaining *Megless* factors do not outweigh the factors favoring anonymity here. The first of these factors—the universal level of public interest in access to the litigants' identities—always weighs against using a pseudonym because "this interest exists in some respect in all litigation." *Hartford Life & Accident Ins. Co.*, 237 F.R.D. at 551; *see also Megless*, 654 F.3d at 411 ("[W]e must acknowledge the thumb on the scale that is the universal interest in favor of open judicial proceedings."). However, this factor alone does not outweigh the factors that favor use of a pseudonym. *See Hartford Life & Accident Ins. Co.*, 237 F.R.D. at 551; *see also Doe v. Middlesex County*, No. 20-8625, 2021 WL 130480, at *5 (D.N.J. Jan. 15, 2021) (finding that although this factor "weigh[ed] against" the litigant's request to proceed pseudonymously, it did not alone "outweigh the balancing of factors in favor of proceeding pseudonymously").

The next factor, which asks whether the subject of the instant litigation heightens the public's interest, is inapplicable because none of the Doe Plaintiffs are public figures. *Oshrin*, 299 F.R.D. at 105 (explaining that this factor relates to

-18-

whether the plaintiff is a public figure); *Doe v. Lund Fisheries, Inc.*, No. 20-11306, 2020 WL 6749972, at *4 (D.N.J. Nov. 17, 2020) (finding this factor inapplicable "because plaintiff is not a public figure and the subject matter of th[e] litigation d[id] not give rise to a public interest greater than normally obtained" (internal quotation marks and citation omitted)). Nor does the public have any other "unusually strong interest in knowing" the Doe Plaintiffs' identities. *Middlesex County*, 2021 WL 130480, at *5.

The final *Megless* factor—whether "the party opposing the use of a pseudonym [is] doing so based on nefarious reasons," *Megless*, 654 F.3d at 411—is unknown at this time, as Defendants have not yet opposed this motion.

## **CONCLUSION**

For the reasons set forth above, the Doe Plaintiffs respectfully request that the Court enter an Order:

1.    Granting Josefina Doe, Isabela Doe, and Jose Doe leave to proceed in this matter under pseudonyms;

2.    Ordering that Defendants shall not publicly disclose the names or personally identifying information of Josefina Doe, Isabela Doe, and Jose Doe; and

3.    Ordering that all parties shall submit pleadings, briefing, and evidence using Josefina Doe, Isabela Doe, and Jose Doe

pseudonyms instead of their real names and other personally

identifying information.

Respectfully submitted,

Date: September 11, 2024

s/ Gavin J. Rooney
Gavin J. Rooney, Esq.
Alexander Shalom, Esq.
Natalie J. Kraner, Esq.
Naomi D. Barrowclough, Esq.
Anish Patel, Esq.*
Ruth Zimmerman, Esq.
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500

Shira Wisotsky, Esq.
Raquiba Huq, Esq.
Zoe Burke, Esq.
Emily Thorton, Esq.*
**LEGAL SERVICES OF
NEW JERSEY**
P.O. Box 1357
Edison, New Jersey 08818
(908) 882-2665

Tiffany J. Lieu, Esq.*
Philip L. Torrey, Esq.*
**CRIMMIGRATION CLINIC
HARVARD LAW SCHOOL
IMMIGRATION & REFUGEE
CLINICAL PROGRAM**
6 Everett Street, Suite 3106
Cambridge, Massachusetts 02138
(617) 496-5497

*Pro Bono Counsel for Plaintiffs*

* *pro hac vice* motion forthcoming

-20-