IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEFINA DOE *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 3:24-259 |
| ) | Judge Stephanie L. Haines |
| U.S. DEPARTMENT OF ) | |
| HOMELAND SECURITY, *et al.*, ) | |
| ) | |
| Defendants. | |

**MEMORANDUM OPINION**

On January 31, 2025, the Court issued a Memorandum Opinion and Order (ECF Nos. 75, 76) granting Plaintiffs' Motion for Preliminary Injunction. The Court stated that Moshannon Valley Detention Center ("MVDC") must immediately function in compliance with the tenants of the United States Constitution. After the Court issued its Opinion, Defendants filed a Motion for Clarification (ECF No. 81) as to how the preliminary injunction applied to MVDC on a practical level. Accompanying the Motion for Clarification was a supporting Brief (ECF No. 83). Plaintiffs filed a Brief in Opposition (ECF No. 92), and a telephonic status conference on the matter was set for March 11, 2025.

Defendants presented three issues to the Court for clarification. First, Defendants asked whether the Court's Order applies only to the named individual Plaintiffs or whether it applies to the putative class, which has not been certified. Second, Defendants ask what technology should be used to implement the Court's Order. Third, Defendants ask how scheduling conflicts should be handled. The Court heard arguments from both Defendants and Plaintiffs about how each of

1

the parties perceived the Order should be instituted at MVDC. The issues are ripe for consideration by the Court.

I. **Factual and Procedural Background**

This case was brought by The American Friends Service Committee, Immigrant Rights Program ("AFSC"), one of four state-funded providers in New Jersey that offers free and expert advice and representation to indigent New Jersey residents facing detention and removal proceedings. Additional individual plaintiffs were current or former MVDC detainees (collectively with AFSC, "Plaintiffs") who had pending criminal charges in New Jersey.

In general, the fact scenario complained of by Plaintiffs was that a criminally charged person is brought into the New Jersey criminal system, processed, and released on bond. Through the alleged criminal activity, and presumably the charged person's illegal status in the United States, U.S. Immigration and Customs Enforcement ("ICE") is notified and picks up the charged person and transports the charged person to MVDC (sometimes after a short stay at a temporary center). ECF Nos. 2-8 – 2-12. New Jersey no longer has custody over the charged person, and ICE has voluntarily assumed custody. Once in ICE custody, the detainee is stymied from attending New Jersey criminal proceedings.

Plaintiffs sued defendants U.S. Department of Homeland Security; U.S. Immigration and ICE;[1] and various officials of these organizations (collectively, "Defendants") for refusing MVDC detainees remote attendance at New Jersey criminal proceedings. Plaintiffs alleged that Defendants have a "policy and practice" of refusing to permit non-citizens detained in MVDC access to New Jersey state court proceedings *via* video-conferencing technology or telephone. Instead of participation remotely, a detainee must be released on a *writ of habeas corpus ad*

---

[1] The GEO Group contracted with ICE to operate MVDC as an ICE Detention Center.

2

*prosequendum*, taken from MVDC to be transported to the hearing site, and after the criminal proceedings the detainee must be returned to MVDC.

Plaintiffs stated that it is not feasible to *writ* each detainee for criminal hearings. Depending on the location of the New Jersey state court, it can be 200 to 340 miles away from MVDC. ECF No. 1, ¶ 69. Even so, when Plaintiffs requested attendance at a criminal proceeding remotely, they were told by representatives of MVDC that MVDC will not accommodate criminal proceedings *via* zoom or other web-based communications because of lack of resources. ECF No. 1, ¶ 57, a-p. Plaintiffs claim the technology is available for criminal hearings to take place at MVDC; MDVC possesses 225 ICE Tablets, 220 telephones, and 30 virtual visitation booths. ECF No. 1, ¶ 59. MVDC's policy of refusing remote attendance to criminal hearings inflicts a hardship of prolonged detention and deprives detainees of their legal rights. The inability of detainees to attend their criminal proceedings deprives them of their constitutional right to a defense attorney, and their ability to be heard in court.[2]

Responding to Plaintiffs' allegations, Defendants stated that MVDC is one of the largest detention facilities in the country with 419 high risk detainees, 545 medium-high risk detainees, 74 medium-low risk detainees, and 202 low-risk detainees and that it cannot accommodate remote criminal hearing requests in addition to its required business of immigration and family law. ECF No. 60, p. 11. MVDC needs to prioritize executing immigration laws and use the virtual visitation booths for detainees to speak to asylum officers, immigration counsel, and defense counsel. ECF No. 73, p. 20-21, ¶¶ 23-25, 1-2. Defendants disputed Plaintiffs' understanding of MVDC's

---

[2] Plaintiffs, in their Complaint (ECF No. 1), also sought to certify a class of "all non-citizens detained by Defendants at MVDC who have unresolved criminal matters (inclusive of petty disorderly persons, disorderly persons, and indictable offenses) to be charged or [are] charged in superior or municipal court in New Jersey." ECF No. 1, ¶ 158. The Court declined to address the certification of the class as the issue was, and still is, premature.

technology, and stated that MVDC has 192 telephones, 192 tablets, ECF No. 60, p. 12, and 31 virtual attorney visitation booths. ECF No. 73, p. 20, ¶ 21. Defendants stated that they are not depriving Plaintiffs of their rights or acting illegally because New Jersey has the responsibility of processing its own cases. It argued that New Jersey has refused detention centers in its state *and* will not retrieve its criminal defendants for hearings. ECF No. 60, pp. 9-10. In addition, Defendants stated that it is not their "policy" to refuse detainees criminal remote hearings, but they evaluate the ability to accommodate such requests case-by-case. ECF No. 73, p. 22, ¶ 8-16; p. 23, ¶ 5-16.

After hearing argument on the preliminary injunction motion, the Court found for Plaintiffs and against Defendants, issued a judgment that MVDC's policies and practices are unlawful, and granted an injunction that demands the following:

- Defendants honor *writs* that require in-person proceedings;
- Defendants virtually produce individuals *via* video conference;
- Defendants authorize and support GEO in the purchase and maintenance of sufficient technology; and
- Defendants be monitored to comply with Court's orders.

## II.   Analysis

As stated above, Defendants seek clarity on whether the Court's Order applies to the named individual Plaintiffs or the putative class; which technology should be used to implement the Court's Order; and how to handle scheduling conflicts. During the status conference concerning this motion, the Court was informed that the Parties were discussing the details of implementation and that most recently Plaintiffs had turned over a proposal to Defendants. The Court fully supports continued meet and confers between Parties, particularly on the issues of technology and

conflicts. The Parties, not the Court, are best suited to decide day-to-day methods to employ compliance with the Court's order to serve the Constitutional rights of the detainees. Not only is the Court ill-equipped to dictate procedure to MVDC, it is also discouraged.

Defendants previously argued that a court should not dictate procedure for a detention center and that decisions on the function of the detention center is best left to those that run the institution. "Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution." *Robertson v. Samuels*, 593 F. App'x 91, 93 (3d Cir. 2014) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir.1995) ("[A] request for injunctive relief [in the prison context] must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" (citation omitted)); *see also Imprisoned Citizens Union v. Ridge*, 169 F.3d 178, 185 (3d Cir.1999).

Thus, as stated in the Court's previous preliminary injunction opinion, it will not seek to dictate the day-to-day function of MVDC, which is better left to those who oversee its function. The Court's job is to ensure that MVDC operates in a way that comports with the law, however that is best achieved. Thus, the Court cannot and will not speak to the issues of technology and scheduling conflicts at MVDC. Issues of technology and timing are faced daily in other institutions, including this Court, and these issues are handled daily, as each situation dictates, and in a way that assures every person of his or her civil rights. The Court implores that the Parties work cooperatively with the understanding that concessions will need to be made on both sides.[3]

---

[3] Issues for conferral between the Parties are: Whether MVDC should use the Talon tablets, which are only available in common areas, despite the security and privacy concerns it creates; whether MVDC should use telephones, which are only available in common areas, despite the security and privacy concerns it creates; whether the 31 attorney visitation booths used for attorney visits and asylum officer interviews should be used; what to do if proceedings run over time and proceedings are scheduled back-to-back; whether first come first serve request system is appropriate; whether MVDC can/should give precedence to state criminal court proceedings when a detainee or counsel requests a booth at the same time as previously scheduled attorney visit or asylum officer hearing in the 31 attorney visitation

The final issue brought to the Court's attention is whether its preliminary injunction Order applies to just the individual named Plaintiffs or whether it applies to the putative class.[4] Defendants ask for a stay of the Order granting preliminary injunction until class certification is decided. Defendants contend that they have complied with the Order and have worked through the issues with the individual Plaintiffs.

Plaintiffs counter that at the time of the preliminary injunction hearing most of the individual Plaintiffs had already been processed through the system and therefore Defendants have not done much to comply with the Order. Furthermore, it only makes sense that the Court's Order applies to the putative class given that when the Order was issued the individual Plaintiffs were processed and could not benefit from it. Plaintiffs also argue that the Court's Order *legally may* apply to the putative class even though the class is not certified. ECF No. 92, pp. 7-8; *Boynes v. Limetree Bay Ventures LLC*, 110 F.4th 604, 611 (3d Cir. 2024) (citing *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 479-80, 490 (3d Cir. 2000)) ("With all four factors weighing in favor of the preliminary injunction, the District Court properly awarded it even before certifying the class. As Terminals's lawyer admitted at oral argument, we have never held that a court must certify a class before granting a preliminary injunction.").

Defendants did not contest the Court's analysis finding in favor of Plaintiffs for preliminary injunction. The Court's Opinion found (1) a likelihood of success on the merits; (2) that the movant will suffer irreparable harm; (3) that granting relief will not result in even greater harm to the nonmoving party; (4) that the public interest favors such relief. Looking ahead to whether these findings likely will apply to the putative class, Federal Rule of Civil Procedure, Rule 23(a)(2)

---

booths; whether MVDC may request that detainees seek to re-schedule state criminal proceedings if necessary because of schedule conflicts or because existing resources are otherwise occupied at the time of their scheduled state criminal proceedings; whether telephone access without video is sufficient; whether shortage of technology *can* be remedied.
[4] It is the Court's understanding that all individually named individual plaintiffs have been processed.

6

requires a party seeking class certification to prove that the class has common "questions of law or fact."

> [T]he party seeking certification must demonstrate, first, that
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). Given the facts here, it is likely that prospective class members suffer a common factual scenario - that each is missing criminal proceedings because of detention in MVDC, and therefore, the same question of law applies - whether their Constitutional rights have been violated. Of course, there is further analysis that the Court must endeavor to certify the class. But for purposes of instituting the preliminary injunction for the putative class, the Court reasons it is necessary for all members of the putative class, given the nature of the grievances, that they too should benefit from the protections of the preliminary injunction to avoid irreparable harm.

### III.    Conclusion

Based on the above, the Court GRANTS Defendants' Motion for Clarification (ECF No. 81), insofar as it addresses Defendants three questions of implementation of the Court's Preliminary Injunction Order (ECF No. 77). The Court finds that the Preliminary Injunction Order (ECF No. 77) applies to the putative class. The case will NOT be stayed pending resolution of class certification. The Court declines to opine on technology or scheduling conflicts at MVDC.

An appropriate order will follow.

Date: March 28, 2025

                                                    _/s/ Stephanie L. Haines_
                                                    Stephanie L. Haines
                                                    United States District Judge