IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEFINA DOE *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:24-259 |
| | ) | Judge Stephanie L. Haines |
| U.S. DEPARTMENT OF | ) | |
| HOMELAND SECURITY, *et al.*, | ) | |
| | ) | |
| Defendants. | | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Presently before the Court is Defendants' Partial Motion to Dismiss, (ECF No. 82). The motion has been fully briefed. (ECF Nos. 84, 86, 95, 97).

This case was brought by The American Friends Service Committee, Immigrant Rights Program ("AFSC"), one of four state-funded providers in New Jersey that offers free and expert advice and representation to indigent New Jersey residents facing detention and removal proceedings. Additional individual plaintiffs were current or former Moshannon Valley Processing Center ("MVPC") detainees (collectively with AFSC, "Plaintiffs") who had pending criminal charges in New Jersey.

In general, the fact scenario complained of by Plaintiffs was that a criminally charged person is brought into the New Jersey criminal system, processed, and released on bond. Through the alleged criminal activity, and presumably the charged person's illegal status in the United States, U.S. Immigration and Customs Enforcement ("ICE") is notified and picks up the charged person and transports the charged person to MVPC (sometimes after a short stay at a temporary center). (ECF Nos. 2-8 – 2-12). New Jersey no longer has custody over the charged person, and

1

ICE has voluntarily assumed custody. Once in ICE custody, the detainee is stymied from attending New Jersey criminal proceedings.

Plaintiffs sued defendants U.S. Department of Homeland Security; U.S. Immigration and ICE;[1] and various officials of these organizations (collectively, "Defendants") for refusing MVPC detainees remote attendance at New Jersey criminal proceedings. Plaintiffs alleged that Defendants have a "policy and practice" of refusing to permit non-citizens detained in MVPC access to New Jersey state court proceedings *via* video-conferencing technology or telephone. Instead of participation remotely, a detainee must be released on a *writ of habeas corpus ad prosequendum*, taken from MVPC to be transported to the hearing site, and after the criminal proceedings the detainee must be returned to MVPC.

Plaintiffs stated that it is not feasible to *writ* each detainee for criminal hearings. Depending on the location of the New Jersey state court, it can be 200 to 340 miles away from MVPC. (ECF No. 1, ¶ 69). Even so, when Plaintiffs requested attendance at a criminal proceeding remotely, they were told by representatives of MVPC that MVPC will not accommodate criminal proceedings *via* zoom or other web-based communications because of lack of resources. (ECF No. 1, ¶ 57, a-p). Plaintiffs claim the technology is available for criminal hearings to take place at MVPC; MDPC possesses 225 ICE Tablets, 220 telephones, and 30 virtual visitation booths. (ECF No. 1, ¶ 59). MVPC's policy of refusing remote attendance to criminal hearings inflicts a hardship of prolonged detention and deprives detainees of their legal rights. The inability of detainees to attend their criminal proceedings deprives them of their constitutional right to a defense attorney, and their ability to be heard in court.[2]

---

[1] The GEO Group contracted with ICE to operate MVPC as an ICE Detention Center.
[2] Plaintiffs, in their Complaint (ECF No. 1), also sought to certify a class of "all non-citizens detained by Defendants at MVPC who have unresolved criminal matters (inclusive of petty disorderly persons, disorderly persons, and

On October 16, 2024, Plaintiffs moved for a Preliminary Injunction (ECF Nos. 30, 32, 33, 38), which this Court granted on January 31, 2025 (ECF Nos. 76, 77) and clarified on March 28, 2025 (ECF No. 102). The Court issued a judgment that MVPC's policies and practices are unlawful, and granted an injunction that demands Defendants honor writs that require in-person proceedings; Defendants virtually produce individuals via video conference; Defendants authorize and support GEO in the purchase and maintenance of sufficient technology; and Defendants be monitored to comply with Court's orders. (ECF No. 102 at 4.) The issuance of the preliminary injunction remains on appeal. (ECF No. 111).

On August 18, 2025, following oral argument, (ECF No. 110), Magistrate Judge Dodge issued a Report and Recommendation ("R&R") recommending that Defendants' Partial Motion to Dismiss be denied, except as to the individual claims of the now-released Individual Plaintiffs. (ECF No. 125, at 12). As to the latter, Judge Dodge concluded that the individual claims should be dismissed as moot, but that the Individual Plaintiffs may continue to serve as class representatives and "assert claims on behalf of the putative class." (*Id.* at 9). As to the remainder of Defendants' arguments, Judge Dodge found Plaintiffs' allegations sufficient "to plausibly state a claim for denial of access to the courts" because of the deprivations caused by the Refusal Practice and Policy under the First, Fifth, and Sixth Amendments, which the writ system fails to remediate. (*Id.* at 10). Judge Dodge concluded that "[t]he Complaint properly alleges that in-person writs are functionally unavailable in many instances." (*Id.*). She further concluded that the Plaintiff AFSC had standing to bring Counts One, Two, and Four, because "the Complaint clearly alleges that AFSC expended significant resources and suffered reputational harm as a result of MVPC's

---

indictable offenses) to be charged or [are] charged in superior or municipal court in New Jersey." (ECF No. 1, ¶ 158). The Court declined to address the certification of the class as the issue was, and still is, premature.

policy barring AFSC clients from appearing remotely in New Jersey courts." (*Id*. at 11). Finally, Judge Dodge concluded that Count Two is not jurisdictionally barred. (*Id*. at 11–12).

Defendants have filed Objections to the R&R, (ECF No. 127), and Plaintiffs have filed a Response to the Objections, (ECF No. 128). Objections to a magistrate judge's disposition of a dispositive matter are subject to *de novo* review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a *de novo* determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id*. Following *de novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The court has reviewed Judge Dodge's Report and Recommendation and finds no clear error or manifest injustice. Indeed, Judge Dodge's analysis is well reasoned and fully supported by the record and applicable law. The fact that Defendants disagree with the outcome of this analysis is not a basis to decline to adopt the Report and Recommendation. Accordingly, the Court adopts this the Report and Recommendation in its entirety as the Opinion of the Court, over Defendants' objections. Accordingly,

IT IS HEREBY ORDERED that Defendants' Partial Motion to Dismiss (ECF No. 82) is GRANTED IN PART such that the individual claims asserted by the Individual Plaintiffs who have since been released from MVPC are dismissed as moot.

IT IS FURTHER ORDERED THAT Defendants' Partial Motion to Dismiss is DENIED in all other respects.

IT IS FURTHER ORDERED THAT this case is returned to the jurisdiction of the magistrate judge for further proceedings.

Date:  March 17, 2026

_____
Stephanie L. Haines
United States District Judge