**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEFINA DOE, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 3:24-cv-259 |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | |
| *Defendants*. | |

**MOTION TO STAY DISTRICT COURT PROCEEDINGS**

Defendants request that the Court stay all merits, discovery, class certification, and case management proceedings until the U.S. Court of Appeals for the Third Circuit resolves Defendants' interlocutory appeal and issues its mandate, or until further order of this Court. The appeal presents threshold jurisdictional issues, including whether any Plaintiff has Article III standing to challenge Defendants' alleged policy or practice of denying detainees at Moshannon Valley Processing Center virtual access to New Jersey criminal proceedings. The requested stay would not suspend Defendants' obligation to comply with the existing preliminary injunction while it remains in effect.

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

RELEVANT PROCEDURAL HISTORY ............................................................................ 1

APPLICABLE LAW ............................................................................................................ 2

DISCUSSION ...................................................................................................................... 3

CONCLUSION .................................................................................................................... 6

# TABLE OF AUTHORITIES

**CASES**

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ..................................................................... 6

*City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 270 (4th Cir. 2025) ........................ 3

*Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023) ................................................................... 1-4

*FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024) ................................................. 4

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ............................................. 1-5

*In re Caterbone*, 640 F.3d 108, 111 (3d Cir. 2011) ..................................................................... 4

*In re ESML Holdings Inc.*, 135 F.4th 80, 97 (3d Cir. 2025) ......................................................... 3

*TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) .............................................................. 5

*Zenith Ins. Co. v. Newell* ("*Zenith*"), 78 F.4th 603, 609 (3d Cir. 2023) ....................................... 2

**STATUTES**

5 U.S.C. § 706(2)(A) ..................................................................................................................... 2

5 U.S.C. § 706(2)(B) ..................................................................................................................... 2

**INTRODUCTION**

This motion turns on a threshold jurisdictional point. Under the *Griggs* principle, a proper notice of appeal divests a district court of control over "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). And when the question on appeal is whether litigation may proceed in the district court at all, "the entire case is essentially involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023) (quoting *Griggs*, 429 U.S. at 58).

That principle applies here. Defendants' pending appeal presents the threshold question of whether any Plaintiff has Article III standing to challenge the alleged policy or practice of refusing virtual access to New Jersey criminal proceedings. Standing is jurisdictional and cannot be waived. If the Third Circuit agrees that Plaintiffs' asserted injuries are not legally cognizable or are not traceable to Defendants, this Court lacks jurisdiction over Plaintiffs' claims. Continuing discovery, class certification proceedings, and merits litigation while that jurisdictional question is before the Third Circuit would risk duplicative proceedings and the expenditure of judicial and party resources on claims that the Court may lack power to adjudicate. The Court should therefore stay district court merits, discovery, class certification, and case management proceedings pending resolution of the appeal.

**RELEVANT PROCEDURAL HISTORY**

On September 11, 2024, Plaintiffs—detainees and organizational Plaintiff American Friends Service Committee ("AFSC")—filed this action alleging that Defendants have an unlawful policy or practice of categorically denying detainees at MVPC virtual access to New Jersey criminal proceedings. *See* ECF No. 1. Plaintiffs raise four claims: Count I alleges unconstitutional deprivation of access to courts; Count II alleges a due process violation; Count III alleges a

violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), based on allegedly arbitrary, capricious, and unlawful action; and Count IV alleges an APA violation under 5 U.S.C. § 706(2)(B) based on alleged constitutional violations. *See* ECF No. 1 at 78–85.

On October 16, 2024, Plaintiffs moved for preliminary injunctive relief. *See* ECF No. 30. The Court granted that motion, *see* ECF Nos. 76, 77, and later clarified the injunction's scope, *see* ECF Nos. 102, 103. Defendants appealed the Orders granting and clarifying the preliminary injunction. *See Dep't Homeland Sec. v. Josefina Doe*, No. 25-1628 (3d Cir.). Among other issues, the appeal challenges whether the individual Plaintiffs and AFSC have Article III standing to challenge the alleged policy or practice. *See* Defendants-Appellants' Opening Brief, attached hereto as Exhibit (Exh.) A, at 18–21, 30–32; Plaintiffs-Appellees' Responsive Brief, attached hereto as Exh. B, at 27, 43; Defendants-Appellants' Reply Brief, attached hereto as Exh. C, at 6, 8–11, 23–26.

## APPLICABLE LAW

Under the *Griggs* principle, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58; *see also Zenith Ins. Co. v. Newell* ("*Zenith*"), 78 F.4th 603, 609 (3d Cir. 2023). In *Coinbase*, the Supreme Court applied that principle to hold that, "[a]t least absent contrary indications, the background *Griggs* principle [] requires an automatic stay" of district court proceedings relating to aspects of the case involved in the appeal. 599 U.S. at 744.

The point of the rule is to protect the appellate court's jurisdiction and prevent district court proceedings from undermining the appeal. *Coinbase* explained that when an appeal concerns whether the litigation may proceed in the district court, the district court may not continue with

proceedings that would "largely defeat[] the point of the appeal." 599 U.S. at 743. The appellate-divestiture rule is not unlimited, but its exceptions are narrow. *In re ESML Holdings Inc.*, 135 F.4th 80, 97 (3d Cir. 2025). During an appeal, a district court retains only limited authority to take steps that aid the appeal or preserve the status quo; it may not proceed on matters that would alter, adjudicate, or substantially advance the aspects of the case involved in the appeal. *Id.*

The *Griggs/Coinbase* principle is not confined to arbitration. *Coinbase* itself identified qualified immunity and double jeopardy appeals as analogous contexts in which proceedings are stayed because the appeal concerns an antecedent limit on continued litigation. 599 U.S. at 742. And the U.S. Court of Appeals for the Fourth Circuit has rejected the view that *Coinbase* is limited to arbitration, explaining that "[d]istinctions require meaningful differences to matter" and that a decision's rationale may apply beyond its factual setting. *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 270 (4th Cir. 2025). There, the court applied *Coinbase* to an appeal from a federal officer remand order because the appeal concerned the foundational question of which forum could hear the case. *Id.* at 268–71.

## DISCUSSION

The proceedings that Plaintiffs seek to continue—discovery, class certification, case management, and merits litigation—are "aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. The appeal asks whether Plaintiffs have Article III standing to challenge the alleged policy or practice at all. That issue is not a collateral dispute at the margins of the case but rather antecedent to every claim. If the Third Circuit agrees with Defendants' standing arguments, this Court would lack jurisdiction to proceed on Plaintiffs' claims, regardless of how those claims are labeled.

3

Defendants' appeal challenges all Plaintiffs' standing. As to the individual detainees, Defendants argue that Plaintiffs lack standing because the asserted injuries arise from inter-sovereign custody and production issues, and from decisions by New Jersey courts and officials, not from a legally cognizable injury traceable to the federal Defendants. *See* Exh. A at 18–21; Exh. C at 8–11. As to AFSC, Defendants argue that AFSC has not established injury in fact or traceability under *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024), because its asserted mission-impairment and resource-diversion injuries are derivative of alleged harms to third parties and depend on independent decisions by New Jersey courts, prosecutors, and other actors. *See* Exh. A at 30–32; Exh. B at 23–26.

Those standing issues are jurisdictional. And Article III standing "can never be forfeited or waived." *In re Caterbone*, 640 F.3d 108, 111 (3d Cir. 2011) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). The Third Circuit's resolution of standing therefore will determine whether this Court may continue exercising jurisdiction over Plaintiffs' claims.

That makes this a particularly strong case for *Griggs* divestiture. *Coinbase* identified arbitration, qualified immunity, and double jeopardy as examples of appeals that would be undermined if district court litigation continued while the appeal was pending. 599 U.S. at 742. Standing is at least as fundamental. Unlike arbitration or qualified immunity, Article III standing is a prerequisite to federal jurisdiction. If no Plaintiff has standing, this Court lacks power to adjudicate the case. The appeal therefore concerns not merely how this case should proceed, but whether it may proceed in federal court at all.

The standing issue on appeal implicates every claim in the complaint. Each count challenges the same alleged policy or practice and seeks relief based on injuries allegedly caused by that policy or practice. Counts I and IV allege constitutional violations caused by the policy;

4

Count II alleges due process harm tied to the same asserted policy and its alleged effects on AFSC's clients; and Count III alleges arbitrary and capricious agency action based on that same policy. *See* ECF No. 1 ¶¶ 174–99. Article III applies claim by claim and Plaintiff by Plaintiff. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek."). Plaintiffs cannot proceed on any count unless at least one Plaintiff has standing to challenge the alleged policy or practice and seek relief for the asserted injury. A Third Circuit ruling that Plaintiffs lack standing because their asserted injuries are not legally cognizable or not traceable to Defendants would therefore deprive this Court of jurisdiction over the claims in this case, including Count III.

Plaintiffs oppose this motion. However, the requested stay will not prejudice Plaintiffs in any cognizable way. Plaintiffs sought preliminary injunctive relief and obtained it, and Defendants remain bound by the preliminary injunction while it remains in effect.[1] By contrast, allowing district-court litigation to proceed while the Third Circuit considers threshold standing issues would risk unnecessary discovery, class certification litigation, and merits litigation in a case that may be dismissed for lack of jurisdiction. That is precisely the type of inefficiency that the *Griggs* principle is designed to avoid. The Court should therefore stay district court merits, discovery, class certification, and case management proceedings pending resolution of the appeal.

---

[1] Plaintiffs have raised informal compliance concerns with Defendants since the entry of the preliminary injunction. Defendants requested additional case-specific information necessary to investigate those concerns and address them as appropriate. Plaintiffs declined to provide that information before entry of a protective order. The Court entered a protective order on April 30, 2026. ECF No. 148. Since then, Plaintiffs have not raised further informal compliance concerns with Defendants or sought formal relief from the Court. If compliance concerns arise while district court proceedings are stayed, the Court would not be precluded from addressing those concerns to maintain the status quo while the appeal is pending.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court stay all merits, discovery, class certification, and case management proceedings pending resolution of Defendants' appeal and issuance of the Third Circuit's mandate, or until further order of this Court.

Dated: May 27, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

MARY LARAKERS
Senior Litigation Counsel

LAURIE WIESNER
Trial Attorney

*/s/ Daniel Schutrum-Boward*
DANIEL SCHUTRUM-BOWARD
Senior Litigaton Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation,
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 919-1670
Daniel.R.Schutrum-Boward@usdoj.gov

*Counsel for Defendants*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2026, I served the foregoing pleading on all counsel

of record via the Court's CM/ECF system.

/s/ Daniel Schutrum-Boward
Senior Litigation Counsel
U.S. Department of Justice